**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THOMAS BURTON,** )<br>)<br>Plaintiff, )<br>)<br>**v.** )<br>)<br>**SEAS & ASSOCIATES, LLC,** )<br>)<br>Defendant. )<br>)<br>_____) | **Case No.:**<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

THOMAS BURTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SEAS & ASSOCIATES, LLC ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Roxbury, MA 02132

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 8320 Highway 107, Sherwood, Arkansas 72120.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt at issue arose out of transactions stemming from a gym membership debt from Block Fitness that were primarily for personal, family or household purposes.

12. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

13. Beginning in late November 2015, and continuing through January 2016, Defendant, through its agents and representatives, engaged in debt collection activities seeking payment from Plaintiff for the alleged debt.

14. Defendant's representatives repeatedly made harassing telephone calls to Plaintiff's cellular telephone seeking to collect this alleged debt.

15. Defendant's harassing debt collection calls derived from numbers including, but not limited to (866) 277-2933. The undersigned has confirmed that this number belongs to the Defendant.

16. Plaintiff told Defendant's representatives to stop calling him and he did not owe this alleged gym debt in late November 2015 soon after the calls began.

17. Although Defendant's representatives acknowledged Plaintiff's requests to stop calling by saying, "We'll take you off the list."

18. Despite this acknowledgement, Defendant's representatives continued to contact Plaintiff regarding this personal debt.

19. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassment.

20. During these calls, Defendant's representatives have been threatening to pursue legal action or file a lawsuit against Plaintiff.

21. Upon information and belief, Defendant did not intend to take legal action against Plaintiff and has not taken action against Plaintiff.

22. Defendant's representatives have also falsely implied or stated that Plaintiff would be committing a crime if he did not make payments on the gym membership debt.

23. After telling Defendant to stop calling him on many occasions, Plaintiff was forced to block calls from their number after the calls from Defendant continued.

24. Defendant's actions as described herein were made with the intent to harass, upset, deceive and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA**

25. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

27. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone despite knowing the calls were unwanted.

## COUNT II
## **DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA**

28. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant violated §§ 1692e and 1692e(10) when it threatened to take legal action against Plaintiff without the intend to take such actions and not taking such action; and when it implied Plaintiff was committing a crime.

### COUNT III
### **DEFENDANT VIOLATED §1692e(5) OF THE FDCPA**

31. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

32. Defendant violated § 1692e(5) when it threatened to take legal action against Plaintiff without the intend to take such actions.

### COUNT IV
### **DEFENDANT VIOLATED §1692e(7) OF THE FDCPA**

33. A debt collector violates §1692e(7) by falsely representing or implicating that the consumer committed any crime or other conduct in order to disgrace the consumer.

34. Defendant violated § 1692e(7) when it suggested or implied that Plaintiff would be committing a crime if he did not make payments toward this debt.

### COUNT V
### **DEFENDANT VIOLATED §1692g of the FDCPA**

35. A debt collector violates §1692(g) of the FDCPA by failing to send the consumer, within five (5) days after the initial communication, a written notice containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the PNC disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer

does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of the judgment, and a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

36   Defendant violated § 1692g when it failed to set anything to Plaintiff in writing setting forth his rights pursuant to the FDPCA as required by this section.

WHEREFORE, Plaintiff, THOMAS BURTON, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, THOMAS BURTON, demands a jury trial in this case.

Respectfully submitted,

Dated: October 7, 2016      By:   /s/ Craig T. Kimmel  
                                             Craig T. Kimmel, Esq.  
                                             Kimmel & Silverman, P.C.  
                                             30 East Butler Pike  
                                             Ambler, PA 19002  
                                             Phone: (215) 540-8888  
                                             Facsimile: (877) 788-2864  
                                             Email: kimmel@creditlaw.com

- 6 -

PLAINTIFF'S COMPLAINT